# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFERASAMI DELGADO PADEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 16-02457-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On November 29, 2016, Jenniferasami Delgado Paden ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on March 21, 2017. On June 9, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 30-year-old female who applied for Social Security Disability Insurance benefits on July 19, 2012, alleging disability beginning December 17, 2010. (AR 19.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 17, 2010, the alleged onset date. (AR 21.)

Plaintiff's claim was denied initially on January 2, 2013, and on reconsideration on August 21, 2013. (AR 19.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joan Ho on March 31, 2015, in Orange, California. (AR 19.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 19.) Vocational expert ("VE") Kristan Cicero also appeared and testified at the hearing. (AR 19.)

The ALJ issued an unfavorable decision on May 16, 2015. (AR 19-32.) The Appeals Council denied review on September 29, 2016. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly determined Plaintiff's Residual Functional Capacity ("RFC").
2. Whether the ALJ properly determined Plaintiff's credibility.
3. Whether the ALJ properly determined Plaintiff can perform other work.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 17, 2010, the alleged onset date. (AR 21.)[1]

---

[1] Claimant worked after the alleged disability onset date but this work activity did not rise to the level of substantial gainful activity. Claimant's earnings record reflects earnings of $3,852.96 in 2011. At the hearing, Claimant testified that she worked part-time for four months in 2011 as a guest service representative in a hotel. (AR 21.)

4

At step two, the ALJ determined that Plaintiff had the following medically determinable severe impairments: history of endometriosis; posttraumatic stress disorder ("PTSD"); dysthymic disorder; generalized anxiety disorder; depression; and bipolar disorder. (AR 21-22.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 22-23.)

The ALJ then found that Plaintiff had the RFC to perform the following:

> Claimant can occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8 hour workday; occasionally climb, balance, stoop, kneel, crouch, and crawl; avoid concentrated exposure to workplace hazards such as dangerous moving machinery and unprotected heights; limited to work involving simple, routine, and repetitive tasks, but would be able to sustain attention and concentration skills sufficient to carry out work-like tasks with reasonable pace and persistence; and limited to occasional interaction with co-workers, supervisors, and the general public.

(AR 24-31.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible." (AR 29.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a customer complaint clerk, teller, and gambling cashier. (AR 31.) The ALJ, however, also found that, considering the Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform, including the jobs of cleaner, retail marker, and inspector. (AR 31-32.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 32.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's subjective symptoms in assessing Plaintiff's RFC which is supported by substantial evidence.

# I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE IN ASSESSING PLAINTIFF'S RFC

Plaintiff contends that the ALJ failed to provide specific legitimate reasons for rejecting RFC limitations assessed by certain physicians that Plaintiff contends should have been included in the ALJ's RFC. The Court disagrees.

## A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons,

supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B. Analysis**

Plaintiff has the medically determinable severe impairments of a history of endometriosis, post-traumatic stress disorder, dysthymic disorder, generalized anxiety disorder, depression, and bipolar disorder. (AR 21.) Notwithstanding these impairments, the ALJ found that Plaintiff had the residual functional capacity to perform light work limited to simple, routine tasks and only occasional interaction with co-workers, supervisors, and the general public. (AR 24.)

Preliminarily, the Court makes the following observations. First, Plaintiff is wrong in asserting that an RFC is a medical assessment. It is an administrative decision reserved to the Commissioner based on all the evidence, including medical evidence and subjective symptoms. See SSR 96-5p; 20 C.F.R. 1527(e); Robbins, 446 F.3d at 883. Second, there is no merit to Plaintiff's apparent suggestion that an ALJ must adopt some medical opinion in its entirety. See 20 C.F.R. § 404.1545(a) ("we will assess your residual functional capacity based on all the relevant evidence in your case record."). The ALJ is free to accept some opinions

7

and not others of every physician. Third, Plaintiff primarily argues with the ALJ's assessment of the medical evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001.)

Fourth, the ALJ rejected the opinions of several physicians based on the objective medical evidence, which the ALJ describes as "unremarkable physical and mental examinations and minor MRI findings." (AR 30.) Plaintiff mentions this basic finding of the ALJ only generally in passing and without acknowledging or discussing the objective medical evidence set forth in the ALJ opinion. (AR 21-22, 24-29.) The ALJ, for example, found Plaintiff's complaint of back pain non-severe because a January 2013 MRI lumbar spine scan was negative for any acute process (no central or foraminal stenosis) and no impingement on the spinal nerves or cauda equina, only a small central disc protrusion indenting the epidural fat without thecal sac or nerve root contact. (AR 21, 22, 27, 28, 568, 570.) During an August 2011 emergency room visit for abdominal pain, Plaintiff's back was non-tender with normal range of motion. (AR 24-25.) During a June 2012 emergency room visit for abdominal pain, her abdomen was benign, and her back within normal limits with normal range of motion. (AR 25.) Review of laparoscopies for Plaintiff's endometriosis showed minimal or no abnormalities, with pain relieved by medications. (AR 26-29.) Also in 2012, examining internist Dr. Jenna Brimmer reported that Plaintiff's symptoms resolved after taking an oral contraceptive. (AR 26, 510, 567.) Notwithstanding the history of chronic endometriosis and pelvic pain, Dr. Brimmer assessed Plaintiff with a light RFC. (AR 513.) In January 2013, she presented at the emergency room with back pain, but on physical examination her back had normal range of motion; she had a normal physical exam and normal reflexes. (AR 27.) Physical examinations in June and October 2013 were within normal limits, with Plaintiff reporting that pain medications were working well enough that she did not have to go to the emergency room. (AR 27-28.) During a December 2013 emergency room visit for suprapubic pain, no pelvic abnormality was found and labs and ultrasound were unremarkable. (AR 28.) On a March

2014 visit to the emergency room for pelvic pain, her physical examination was unremarkable and Plaintiff had normal range of motion, normal strength, and normal sensory and motor function. (AR 28.) Notwithstanding depression and post-traumatic stress due to a past incident of sexual abuse, a 2012 mental status examination found her judgment and insight within normal limits. (AR 25-26.)

With regard to Plaintiff's physical impairments and limitations, Dr. Greene Royster in a four-page, primarily check-box opinion dated October 15, 2012, opined that Plaintiff was not capable of performing sustained light or sedentary work on a regular or continuing basis. (AR 30, 488-491.) The ALJ gave little weight to this opinion because it was inconsistent with the record as a whole, "e.g., unremarkable physical and mental status examinations and minor MRI findings" discussed above. (AR 30.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Plaintiff argues that Dr. Royster did not rely on the MRI of the lumbar spine but on findings of endometriosis pain. The objective medical evidence cited by the ALJ and discussed above, however, includes findings of emergency room physicians of minimal or no abnormalities in the abdominal area with pain relieved by medications. Plaintiff cites medical evidence supporting her position but does not discuss the contrary medical evidence relied on by the ALJ. The ALJ also faulted Dr. Royster's opinion because it was conclusory with little explanation of the evidence relied on in forming his opinion. (AR 30.) An ALJ may reject a physician's opinion that does not have supportive evidence and is contradicted by other assessments. Batson v. Comm'r, 359 F.3d 1190, 1195 & n.3 (9th Cir. 2004).

Dr. Lawrence Lin opined that Plaintiff likely would be absent from work four days a month due to endometriosis and pelvic pain, but the ALJ rejected this opinion because it was not consistent with the record as a whole (as previously discussed) and not consistent with his own treating records. (AR 30.) An ALJ may reject a physician's opinion that is not supported or is contradicted by his or her treatment notes. Batson, 359 F.3d at 1195 & n.3. Here, the ALJ cited operative notes that Plaintiff had stage 1 endometriosis and that his findings did not

correlate with the severity of pain alleged. (AR 28, 30, 790.) A laparoscopy in August 2014 revealed no significant abnormalities. (AR 28, 783.)

The ALJ also considered the physical RFCs for light work assessed by Dr. Shabnam Rehman, a State Agency medical consultant, in December 2012. (AR 30, 77-78, 92.) The ALJ gave little weight to this opinion because he did not have the benefit of personally observing and examining Plaintiff, and his opinion is not consistent with the record as a whole. (AR 30.) Plaintiff notes that Dr. Rehman changed his opinion that Plaintiff could stand and walk from 6 hours to 3 hours as the ALJ reported (AR 30), but the change did not obviate the ALJ's reasons for rejecting Dr. Rehman's opinion. The ALJ also cited the opinion of Dr. Alisha Blando, who assessed Plaintiff could stand and walk 6 hours. (AR 30.) The ALJ gave Dr. Blando's opinion little weight as well for the same reasons he rejected Dr. Rehman's opinion.

With regard to mental impairments, Plaintiff asserts that the ALJ improperly rejected the opinion of Dr. Leyla Brusatori, a psychologist, who assessed moderately severe mental limitations due to PTSD, including a substantial loss of ability to carry out simple instructions. (AR 30, 476-483.) The ALJ found Dr. Brusatori's opinion to be inconsistent with the record as a whole and conclusory. (AR 30.) Specifically, Dr. Brusatori's opinion conflicts with the findings of Dr. Sylvia Torres, who found Plaintiff could carry out simple and detailed instructions. (AR 25-26, 29.)

Thus, the ALJ concluded that the RFC is supported by the medical evidence of record and by the Claimant's extensive activities of daily living. Although the Court will discuss the latter in the next section regarding credibility, it bears noting that an ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted abilities. Bayliss, 427 F.3d at 1216.

The ALJ rejected the opinions of Dr. Royster, Dr. Lin, Dr. Rehman, and Dr. Brusatori for specific, legitimate reasons supported by substantial evidence.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY IN ASSESSING PLAINTIFF'S RFC

Plaintiff contends that the ALJ improperly discounted her subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 29.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms are "not entirely credible." (AR 29.) Although one physician suggested malingering on the part of Plaintiff (AR 27) prompting the Commissioner to assert that clear and convincing reasons are not required to discount Plaintiff's subjective symptom

allegations, the ALJ did provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008).

First, the ALJ found that Plaintiff's subjective allegations were inconsistent with the medical evidence. (AR 24, 28.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). The Court already has discussed the objective medical evidence of record, i.e., unremarkable physical and mental examinations and MRI findings, as well as the physician opinions, that support the RFC assessed by the ALJ. (AR 30.)

Second, the ALJ found that Plaintiff engaged in extensive activities of daily living inconsistent with disability. (AR 22-23, 29, 31.) The ALJ found only mild restriction in activities of daily living, observing that Plaintiff takes care of three dogs, prepares her own meals, does household chores, drives, handles her own financial affairs, uses a computer, walks, swims, and goes out to eat and to bars. (AR 21-22, 29.) The ALJ described these activities as a "somewhat normal level of activity" and found that some of the physical and mental abilities required to perform the above activities are the same as those necessary for employment. (AR 29.) The ALJ also noted some work activity after the alleged onset date that indicates Claimant's daily activities have been somewhat greater at times than Claimant has reported. (AR 29.)

Third, the ALJ found that Plaintiff has not received the type of medical treatment one would expect of someone disabled. (AR 29.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d 1039; Parra, 481 F.3d at 750-51. The ALJ found that the record reflects significant gaps in Plaintiff's history of treatment and relatively infrequent trips to the doctor for allegedly disabling symptoms. (AR 29.) The ALJ also found Plaintiff's use of medications does not suggest disabling impairments. (AR 29.) As earlier noted, her pain medications relieved her endometriosis pain. (AR 27-28.) Impairments and limitations that can be controlled with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006.)

The ALJ discounted Plaintiff's subjective symptoms for clear and convincing reasons supported by substantial evidence.[2]

### III.   THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff challenges the ALJ's fifth step determination that Plaintiff can perform alternate work in the national economy, including cleaner, retail marker, and inspector. (AR 31-32.) Plaintiff's challenge, however, is based on her earlier argument that the ALJ's RFC should have included the limitations assessed by Drs. Royster, Lin, Rehman, and Brusatori. The Court has determined that the ALJ gave specific legitimate reasons for rejecting these limitations. The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

### ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: December 20, 2017             /s/ John E. McDermott
                                    JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff cites in support of her symptoms the third party function report of her friend Muhammad Maskeen. (AR 283-290.) An ALJ must give germane reasons for rejecting lay witness testimony. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ, however, is not required to address lay witness statements that report the same symptoms alleged by the claimant and rejected by the ALJ. Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012); Valentine v. Comm'r Soc. Sec. Adm., 574 F.3d 685, 694 (9th Cir. 2009). The ALJ rejected Maskeen's statement because it parroted the subjective complaints already reported by the Claimant and rejected by the ALJ. (AR 31.)